### In re COVEY.
### Patent Appeal No. 3077.

Court of Customs and Patent Appeals.
April 17, 1933.

Thomas L. Wilder, of Utica, N. Y., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying claims 10 to 20, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in tires.

At the time of the oral argument in this court, counsel for appellant in open court withdrew all of the appealed process claims, Nos. 16 and 17.

Of the remaining claims, claims 10 and 19 are illustrative. They read:

"10. In a Tire, having a casing, crepe rubber formed integral therewith to prevent skidding."

"19. In a Tire composed of fabric, a crepe rubber composition applied to said fabric to prevent skidding."

The references are:

Hobson et al., 1,412,744, April 11, 1922.
Oakley 1,672,653, June 5, 1928.

In describing his invention, appellant, in his specification, stated: "The balloon tire is made of the usual cord fabric * * * and an outer rubber casing * * *. The tread * * * and a portion of the walls of the tire is moulded or made from what is well known in the art as crepe rubber * * *."

In addition to the nonskid feature of his alleged invention, appellant stated in his specification that tire treads made of crepe rubber were superior to those made of "ordinary rubber," in that they would give greater wear and would not "wear smooth."

The patent to Hobson et al. relates to the use of carborundum cloth or fabric for the tread or wearing surface of tires. The patentee stated that the use of such material in the construction of tires made them "substantially puncture proof, prevents skidding and slipping on wet pavements or roadways, and owing to the wearing quality of said material the lives of the tires are greatly increased and without any loss of resiliency."

The patent to Oakley discloses the use of crepe rubber for the tread or wearing surface of the soles and heels of shoes. The patentee stated in his specification that crepe rubber was secured to, and reinforced by, a layer of "tough, high quality, light-weight rubber," and that it provided an excellent tread or wearing surface.

The Primary Examiner held that, in view of the fact that the characteristics and qualities of crepe rubber were well known, there was no invention in substituting crepe rubber for the carborundum cloth or fabric disclosed in the patent to Hobson et al. He further stated that the use of crepe rubber for the tread or wearing surface of shoe soles

for its anti-slipping qualities, as disclosed in the patent to Oakley, was analogous to the use of crepe rubber in the manufacture of treads for tires.

The Board of Appeals affirmed the decision of the Primary Examiner holding that invention was not involved in employing crepe rubber in the manufacture of tire treads, in view of the disclosure in the patent to Oakley.

Counsel for appellant argues, and the contrary is not asserted by the solicitor for the Patent Office, that appellant's tire is not only new and useful, but that it is commercially successful.

The patent to Oakley discloses that it is old to use crepe rubber as the tread or wearing surface of soles of shoes. Assuming that it was used, among other things, for the purpose of preventing the wearer of the shoes from slipping, although the reference does not disclose its use for that purpose, it is obvious, nevertheless, that the problem confronting appellant was far different from that confronting the patentee, Oakley.

It is well known that "ordinary rubber," employed in the manufacture of soles for shoes and overshoes, has a tendency to prevent slipping. It is equally well known that automobile tire treads made of so-called "ordinary rubber" have not successfully prevented skidding on pavements made slippery by water, snow, and ice, and that chains of metal and other material have been devised and used to cover the treads of tires for that purpose. Such devices, expensive and cumbersome, have been only partially successful. It would seem, therefore, in view of the years of effort by tire manufacturers and others to solve the problem confronting appellant, that, if the use of crepe rubber for the tread of tires is analogous to its use for the soles of shoes, and obvious to one skilled in the art, it would have occurred to some one at an earlier date. See In re Fawick, 56 F.(2d) 873, 19 C. C. P. A. 1124.

We are of opinion, therefore, that the use of crepe rubber for the tread or wearing surface of tires is not analogous to its use for soles of shoes; that, in view of the foregoing considerations, such use by appellant was more than a mere substitution of a superior, for an inferior, material, or of one well-known form of a particular material for another well-known form of the same material; and that it required the exercise of the inventive faculties to produce appellant's tire. See Potts v. Creager et al., 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275; Lake-

wood Engineering Co. v. Walker (C. C. A.) 23 F.(2d) 623.

For the reasons herein stated, the appeal is dismissed as to process claims 16 and 17, and in all other respects the decision of the Board of Appeals is reversed.